# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISIOIN

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>*Plaintiff*,<br><br>v.<br><br>AVIVA PLASTIC SURGERY & AESTHETICS INC and DOES 1 through 10 INCLUSIVE.<br><br>*Defendants*. | Case No. _____<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff TAMARA WAREKA p/k/a TAMARA WILLIAMS, by and through her undersigned counsel, brings this Complaint against Defendants, AVIVA PLASTIC SURGERY & AESTHETICS INC; and DOES 1 through 10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer.

3. Upon information and belief, Defendant Aviva Plastic Surgery & Aesthetics Inc ("Aviva" or "Defendant") is a corporation organized and existing

under the laws of the state of Georgia. Defendant Aviva is operating or has operated a business location at 1100 Johnson Ferry Rd NE, Center Pointe 2, Suite 470, Atlanta, Georgia, 30342-2000.

4. The true names and capacities of Defendants Does 1 through 10, inclusive are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

5. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

7. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the state of Georgia and/or Defendant transacts business in the state of Georgia.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendant or its agent resides in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Tamara Williams*

9. Plaintiff Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Plaintiff Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram Page @tamarawilliams, which has amassed over 610,000 followers.

10. Plaintiff Williams licenses her work for a fee.

11. Plaintiff Williams' portfolio includes international clients, and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

12. Plaintiff Williams' livelihood depends on receiving compensation for the photographs she produces, and the value of the work she produces is devalued when others copy and profit from her work without her permission.

13. The copyright protection afforded to Plaintiff Williams' work is intended to deter would-be infringers from copying and profiting from her work without permission.

14. Plaintiff Williams is the sole author and exclusive rights-holder to a beauty photograph of a brunette model ("Beauty Photograph").

15. Attached as Exhibit A is a true and correct copy of the Beauty Photograph.

16. Plaintiff Williams registered the Beauty Photograph with the United States Copyright Office with File Name TRU2257964 under Registration Number VA 2-116-919 with an Effective Date of Registration of August 23, 2018.

17. Attached hereto as Exhibit B is a true and correct copy Registration No. 2-116-919.

### *Defendant Aviva Plastic Surgery & Aesthetics Inc*

18. Upon information and belief, Defendant Aviva is a facial plastic surgery and medical aesthetics practice. *See* https://www.avivaplasticsurgery.com/about-us/.

19. Upon information and belief, Defendant is and was at all relevant times the owner, operator, and manager of a commercial website https://www.avivaplasticsurgery.com/ ("Defendant's Website").

20. According to Defendant's Website, Defendant's "services include rhinoplasty, non-surgical rhinoplasty, deep plane face lifts, neck lifts, and many non-surgical procedures to achieve your facial aesthetic goals. Our industry leading Aviva team has special expertise in vaginal rejuvenation and surgical and non-surgical labiaplasty, helping you feel your best, most comfortable, and most confident." *See* https://www.avivaplasticsurgery.com/about-us/.

21. Defendant Aviva generates content on Defendant's Website for commercial purposes to attract user traffic to Aviva, to market and promote Aviva's services, and to increase the customer base and revenue for Aviva.

22. Upon information and belief, each page of Defendant's Website contains a "Schedule Now" hyperlink that directs users to book a consultation for Defendant's Services.

23. At all relevant times, Aviva had the ability to supervise and control all content on Defendant's Website.

24. At all relevant times, Defendant Aviva had a direct financial interest in the content and activities of Defendants' Website (including the activities alleged in this Complaint).

25. At all relevant times, Defendant's Website was readily accessible to the general public throughout Georgia, the United States, and the world.

### *Defendants Willful, Unauthorized Use of the Beauty Photograph*

26. On November 5, 2023, Plaintiff Williams discovered her Beauty Photograph published and displayed on Defendant's Website in a post directly advertising and promoting Defendant's Photofacial/IPL services (the "Infringing Post").

27. Specifically, Williams' Beauty Photograph was directly displayed and published on Defendant's Website in a post titled "What is Photofacial" with the following text placed directly next to Williams' Beauty Photograph:

> "A gentler cousin of laser treatments, a photofacial (also called a "fotofacial," IPL or intense pulsed light) is a treatment that addresses superficial brown and red colors in the skin–like sun spots, sun damage, background redness, and small dilated blood vessels that appear right under the skin's surface. Photofacial treatments work well on women and men with lighter skin tones who are bothered by brown sun spots, and redness or red scars, and acne.
>
> Photofacials or IPL facials are short, carry minimal discomfort and few risks, and boast very little or no downtime. Most of our patients return to their regular activities immediate after photofacial/ IPL treatments. Photofacials are a great addition to effective, medical-grade skincare for lots of our patients, especially those who busy lifestyles cannot afford the downtime of more aggressive [CO2 laser treatments](#) and [chemical peels](#)."

28. Attached hereto as Exhibit C is a true is a correct screenshot of the Beauty Photograph as used in the Infringing Post on Defendant's Website.

29. As part of the Infringing Post, Defendant created hyperlinks using the words "CO2 laser treatments" and "chemical peels", in order to direct users straight to those services on Defendant's Website.

30. "Photofacial", "CO2 laser treatments" and "chemical peels" shall collectively be referred to as "Defendant's Services."

31. Plaintiff Williams did not grant Defendant Aviva a license, permission, or authorization to use, make a copy of, or publicly display the Beauty Photograph on Defendant's Website.

32. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Beauty Photograph and caused the Beauty Photograph to be uploaded to and displayed on Defendant's Website.

33. Plaintiff Williams is informed and believes that the purpose of the use of the Beauty Photograph on Defendants' Website was to couple a high-quality, professionally-produced photograph with information about Defendant's Services to assist the visitors to Defendant's Website and potential customers in visualizing and subtly suggesting the beauty results that could be achieved with Defendant's Services.

34. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) used, displayed, published, and

otherwise held out to the public Williams's original and unique Beauty Photograph for commercial purposes and to acquire a direct financial benefit from use of the Beauty Photograph. Specifically, Defendant intended for the Beauty Photograph to act as a draw to Defendant's Services, enticing customers to book a consultation to receive those services directly from Defendant's Website.

35. After discovering the unauthorized use of the Beauty Photograph, Plaintiff Williams, through her counsel, sent cease and desist correspondence and a demand for damages to Defendant but Plaintiff did not receive any response.

36. Defendant willfully infringed upon Plaintiff Williams' rights in her copyrighted Beauty Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendant knew it did not own the Beauty Photograph and knew or should have known, it did not have a legitimate license to use the Beauty Photograph.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Plaintiff owns a valid copyright in the Beauty Photograph.

39. Plaintiff registered the Williams Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

40. Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of and publicly displayed Plaintiff's unique and original Beauty Photograph without her consent or authorization in violation of 17 U.S.C. § 501.

41. Plaintiff is informed and believes and thereon alleges that Defendant willfully infringed upon Plaintiff's rights in her copyrighted Beauty Photograph in violation of Title 17 of the U.S. Code.

42. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

43. As a result of Defendant's violations of Title 17 of the U.S. Code, Williams is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Williams' election, statutory damages pursuant to 17 U.S.C. § 504(c).

44. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

45. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyrights pursuant to 17 U.S.C. § 502.

## DEMAND FOR JURY TRIAL

46.  Plaintiff, Tamara Wareka p/k/a Tamara Williams, hereby demands a trial by jury in the above-matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Beauty Photograph by copying and displaying it without a license or consent;

- For a finding that Defendant's conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of all of Williams' copyrighted works pursuant to 17 U.S.C. § 502;

- For pre judgment and post judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: November 10, 2025           Respectfully submitted,

**/s/ Jayma C. Leath**
Jayma C. Leath, Esq.
GA Bar No. 639678
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
jleath@higbee.law
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>*Plaintiff*,<br><br>v.<br><br>AVIVA PLASTIC SURGERY & AESTHETICS INC and DOES 1 through 10 INCLUSIVE.<br><br>*Defendants*. | Case No. _____<br><br>**CERTIFICATE OF COMPLIANCE** |

Pursuant to Local Rule 5.1(c), the undersigned counsel for Plaintiff hereby certifies that the foregoing document was prepared in Times New Roman 14-point font.

Dated: November 10, 2025

**/s/ Jayma C. Leath**
Jayma C. Leath, Esq.
